UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JAMES NICHOLAS, :
:
    Plaintiff, : CIVIL NO. 3:CV-08-0009
:
v. : (Judge Caputo)
:
FEDERAL BUREAU OF INVESTIGATION, *et. al.*, :
:
    Defendants. :

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    On January 2, 2008, Plaintiff Edward James Nicholas, then confined at the Conewago/Wernersville facility in Wernersville, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. §1983. On January 3, 2008, the Court issued a Standing Practice Order (Doc. 3).

    On January 14, 2008, the Court entered an Administrative Order directing Plaintiff either to pay the filing fee or file a properly completed Application for Leave to proceed *in forma pauperis* within thirty (30) days.[1] (Doc. 4). On February 6, 2008, the Order was returned to the Court as undeliverable with the notations "Return to Sender," "Absconded" (Doc. 5).

    The Standing Practice Order issued in this case provides, in relevant part, as follows:

---

1. While Plaintiff filed a handwritten document entitled "Application to Proceed In Forma Pauperis" (Doc. 2) on the same date that he filed his Complaint, the document was not a properly completed Application for Leave to proceed *in forma pauperis* and was not considered by the Court.

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 3.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). A review of the record in this case reveals that the Standing Practice Order that was issued was not returned to the Court as undeliverable, and thus Plaintiff had notice of his obligation to keep the court updated as to his current address. Plaintiff clearly has failed to comply with that requirement. Based upon the present circumstances, dismissal of this action for failure to prosecute is warranted.

**ACCORDINGLY**, **THIS 11th DAY OF FEBRUARY, 2008 IT IS HEREBY ORDERED THAT:**

1. This action is **DISMISSED** without prejudice for failure to prosecute.

2. The Clerk of Court shall close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge